UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 16-12152

             Plaintiff,                      Mark A. Goldsmith
v.                                           United States District Judge

MOHAMED MAISARI,                             Stephanie Dawkins Davis
                                             United States Magistrate Judge

             Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 14)**

## I.     PROCEDURAL HISTORY

On June 13, 2016, plaintiff United States of America (alternately "the
government") filed a complaint against defendant Mohamed Maisari to collect the
amount due on a promissory note.  (Dkt. 1).  The promissory note at issue was
allegedly executed in 1985 by defendant to secure a loan authorized under Title
IV-B of the Higher Education Act of 1865, 20 U.S.C. § 1701 *et seq.* by the U.S.
Department of Education.  On July 7, 2016, defendant filed his answer to the
complaint.  (Dkt. 5).

On July 27, 2016, the United States filed a motion for summary judgment
against Mr. Maisari. (Dkt. 8).  Mr. Maisari filed a response to the government's
motion on August 25, 2016.  (Dkt. 11).  On September 23, 2016, the government

filed a reply in support of its motion for summary judgment. (Dkt. 12). On

September 28, 2016, Mr. Maisari filed a cross-motion for summary judgment (Dkt.

14), and the government responded to that motion on September 30, 2016. (Dkt.

15). These motions are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff United States' motion for summary judgment (Dkt. 8) be **GRANTED**,

and that defendant Maisari's motion for summary judgment (Dkt. 14) be **DENIED**

as moot.

## II.    FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

On October 1, 1987, Mr. Maisari signed and executed a promissory note to

secure a loan from Michigan National Bank to attend the Spartan School of

Aeronautics in the amount of $2500.00, at eight percent per annum. (Dkt. 1; Dkt.

8-2, Ex. A). The loan was guaranteed under loan guaranty programs authorized

under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq.*

Mr. Maisari defaulted on the payment obligations under the promissory note in

1988 and the balance of the promissory note was accelerated. The holder filed a

claim with the Guarantor. The Guarantor paid a claim and the Department of

Education then reimbursed the Guarantor for that claim payment under its

reinsurance agreement. The Guarantor attempted to collect the debt from

defendant, but was unable to and it assigned its right and title to the loan to the

Department.  As of the date of the filing of the complaint in this matter, defendant

owed plaintiff $3,499.99.  (Dkt. 1; Dkt. 8, Exs. A-C).  The government filed this

action and the pending motion to recover this unpaid balance.  Defendant Maisairi

answered the complaint, denying liability and claiming that the debt had been paid

off through various collection agencies.  (Dkt. 5).  According to the United States,

Mr. Maisari has offered no valid defense to this action and the government is,

therefore, entitled to summary judgment.

In his motion for summary judgment, Mr. Maisari suggests that he did not

sign the loan papers and they were possibly forged.  He also denies that he failed

to answer plaintiff's discovery requests, as alleged in the government's motion for

summary judgment.  In response, the government maintains that Mr. Maisari never

responded to its requests for admission regarding his signature on the note and that

he defaulted on his loan; thus, those requests should be deemed admitted.  (Dkt.

15, Pg ID 47; Dkt. 15-1).  Again, the government maintains that no valid defense

has been asserted to plaintiff's complaint.

## III.    ANALYSIS AND CONCLUSIONS

A.    <u>Standard of Review</u>

Summary judgment is appropriately rendered "if the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th. Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. Fed. R. Civ. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact

4

for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see also Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'"  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET. AL. MOORE'S FEDERAL PRACTICE § 56.13[1], at

56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir.

2012); *Cockrel*, 270 F.3d at 1056.  Accordingly, a summary judgment in favor of

the party with the burden of persuasion "is inappropriate when the evidence is

susceptible of different interpretations or inferences by the trier of fact." *Hunt v.*

*Cromartie*, 526 U.S. 541, 553 (1999).

    B.    <u>Plaintiff's Motion for Summary Judgment (Dkt. 8)</u>

    "To recover on a promissory note the government must first make a prima

facie showing that (1) the defendant signed it, (2) the government is the present

owner or holder of the note and (3) the note is in default." *U.S. v. Petroff-Kline*,

557 F.3d 285, 290 (6th Cir. 2009) (citing *U.S. v. MacDonald*, 1994 WL 194248, at

*2 (6th Cir. 1994) (per curiam); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir.

2001)).  "Once such a prima facie case is established, defendant has the burden of

proving the nonexistence, extinguishment or variance in payment of the

obligation." *Id.* (citing *U.S. v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)).

    1.    Plaintiff has established a *prima facie* case

    The Government can establish "a *prima facie* case that it is entitled to

collect on a promissory note [by introducing] the promissory note and a certificate

of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v.*

*Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (citing *Davis*, 28 Fed.

Appx. at 503).  In *Davis*, the Sixth Circuit found that a district court properly

granted summary judgment to the government when the government attached a
promissory note to its complaint and filed a certificate of indebtedness from the
Department. *Davis*, 28 Fed. Appx. at 503. A loan analyst also certified under
penalty of perjury that the defendant had defaulted on his loan and was indebted to
the government. *Id.*; *see also U.S. v. Jester*, 2010 WL 5330482, at *1 (E.D. Mich.
Dec. 21, 2010) (finding that the government established a *prima facie* case when it
included a promissory note and a certificate of indebtedness signed by a loan
analyst under penalty of perjury with the summary judgment motion); *U.S. v.
Rippy*, 2009 WL 1600711, at *1 (E.D. Mich. June 8, 2009) (finding that
government established its *prima facie* case when it attached a copy of a
promissory note that was signed by the defendants, a certificate of indebtedness
and a signed affidavit from a loan analyst).

As in *Davis*, here the government has established its *prima facie* case. The
government attached a copy of the promissory note signed by defendant in the
amount of $2,500.00. (Dkt. 8-2). The government also filed a Certificate of
Indebtedness signed under penalty of perjury by a loan analyst, indicating that Mr.
Maisari defaulted on the loan. (Dkt. 8-3). The Certificate of Indebtedness also
states that the loan was ultimately assigned to the government. The undersigned
thus concludes that the government has established its *prima facie* case, and the
burden shifts to Mr. Maisari to "prov[e] the nonexistence, extinguishment or

variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

> 2.   Defendant has not proven the nonexistence, extinguishment, or variance in payment of the obligation

In order to rebut the government's *prima facie* case, "[i]t is not sufficient for the defendant to merely allege nonliability." *U.S. v. Johnson*, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citing *U.S. v. Durbin*, 64 F. Supp.2d 635, 636 (S.D. Tex. 1999)). Instead, defendant must "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *Id.* "Cancelled checks, bank statement, tax records, and sworn affidavits may be acceptable as evidence of payment. However, unsworn handwritten letters or notes are not sufficient." *U.S. v. Wendl*, 2012 WL 2601381, at *2 (E.D. Mich. May 22, 2012) (internal citations omitted), *adopted by* 2012 WL 2601379 (E.D. Mich. July 5, 2012). "Furthermore, the statute of limitations, laches, and failure of consideration are not recognized as valid defenses in student loan default cases." *Id.* (citations omitted).

Here, Mr. Maisari has failed to rebut the government's *prima facie* case. He does not deny that he executed the promissory note in question, or that the student loan financed his education. Rather, he suggests, without any evidentiary support, that the loan documents produced by plaintiff might be forged. Mr. Maisari also disputes that the balance is owed, stating that he is sure he already paid it off some

years ago through collection agencies, acknowledging that he did, in fact take out the loan at issue.  However, this alleged non-liability is not a sufficient defense.[1] *See U.S. v. Corley*, 2011 WL 309608, at *3 (E.D. Mich. Jan. 1, 2011) (granting the government's motion for summary judgment because the defendant had not "rebutted the competency or accuracy of the affidavit, promissory note, nor the Certificate of Indebtedness."); *U.S. v. Pratt*, 34 Fed. Appx. 191, 192 (6th Cir. 2002) (finding that the defendant "did not deny he executed the seven promissory notes in question, his education was financed by the student loans, and that he did not repay the amount borrowed").  Defendant fails to offer any evidence in support of his contention that the loan documents presented are forged or that he already paid off the loan, and thus has failed to meet his burden on summary judgment to "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt."  *See Johnson*, 2005 WL 1355097, at *3.  Accordingly, plaintiff's motion for summary judgment should be **GRANTED**.  Given the foregoing conclusions, defendant's motion for summary judgment should be **DENIED** as moot.

---

[1] The government argues that Maisari failed to respond to it's discovery requests, including requests for admission, and that, pursuant to Fed.R.Civ.P. 36(a)(3), defendant Maisari is deemed to have admitted that he signed the promissory note and that he defaulted on the loan. Maisari responds that he did respond to the requests. The undersigned concludes that the Court need not decide this issue because plaintiff is entitled to summary judgment regardless of whether the requests for admission are deemed admitted.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment (Dkt. 8) be **GRANTED** and that defendant's motion for summary judgment (Dkt. 14) be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2017             s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 27, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant: Mohamed Maisari, 5790 Golfview Drive, Dearborn, MI 48127.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov